**VARNER v EPPLEY, Admr**

Ohio Appeals, 5th Dist, Muskingum Co

Decided December 7, 1931

Meyer & Crossan, Zanesville, for plaintiff in error.

Graham & Graham, Zanesville, for defendant.

LEMERT, J.

The plaintiff in error claims that there was prejudicial error committed in the trial of this case in its submission to the jury; that the court erred in its general charge, in that it failed to charge the jury properly as to the law of the case, and also omitted to charge the jury as to many features of the case. The plaintiff in error also contends that the verdict of the jury was contrary to and against the manifest weight of the evidence, and was unquestionably the result of passion and prejudice.

Referring to the last claimed ground of error, after a careful examination of the record before us we do not agree with counsel for plaintiff in error that the verdict of the jury was contrary to and against the manifest weight of the evidence or that it was the result of passion and prejudice.

There is ample and sufficient evidence in the record—not quoting the same herein at great length—but suffice it to say that there is ample and sufficient evidence to sustain the verdict of the jury herein.

The plaintiff in error claims that the court below did not explain to the jury that they must consider the special instructions and the general charge together. We note that the court gave the following before giving the special instructions:

"Ladies and Gentlemen of the Jury, coun-

sel for the defendant has requested the court to give you certain instructions as to the law of this case before the arguments of counsel are given, so I now charge you as a part of the law applicable to this case, and which you are bound to follow, the following several and separate propositions of law."

And we further note that the court said, after the argument and on starting to give the general charge, the following:

"Ladies and Gentlemen of the Jury, you have heard the evidence in this case, the special instructions as to the law given you before argument, the argument of counsel, and it now becomes my duty to **further** instruct you generally upon the law of the case, which it is your duty to follow."

The record shows that there were twelve separate, distinct requests made by the defendant below to the court to charge the jury, and each and every one of them was given as requested. We note that the requests made by the defendant below contain the following language:

"Request No. 1. If you find from the evidence that the plaintiff's decedent, Herbert Eppley, was negligent, and his negligence contributed directly to his injuries, in the slightest degree, then your verdict must be for the defendant."

"Request No. 2. Should you find from the evidence that the plaintiff's decedent, Herbert Eppley, and the defendant were both negligent, and that the negligence of the plaintiff's decedent and said defendant both directly contributed to cause the injury complained of in the petition, then your verdict should be for the defendant."

"Request No. 3. Should you find that the negligence of the plaintiff's decedent, Herbert Eppley, and the defendant combined so as to directly cause the injury complained of in the petition, then your verdict should be for the defendant."

"Request No. 12. The court instructs you that the mere happening of an accident does not entitle any one to recover damages, and in this case, regardless of any sympathy that you may have for the family of the deceased, before you can find for the plaintiff you must find that the death of Herbert Eppley was the direct result of the accident in this case and that the accident was the direct result of the negligence of the defendant as alleged in the Amended Petition, and that no unlawful or negligent act or omission of Herbert Eppley, plaintiff's decedent, contributed in any way to cause

the accident, and unless you so find, your verdict should be for the defendant."

From the language used by the court before the special requests were given and the language used by the court after argument and just before starting to give the general charge, it is plain and clear to us that the jury in the instant case understood that the special charges and the general charge were to be taken as a whole and construed together. The court specifically said that, "It now becomes my duty to further instruct you generally upon the law."

In defining the issues in this case in the court below, we find that the court read the pertinent parts of the pleadings, and then continued by saying: "Now the issues raised by these pleadings for you to consider and determine are: first, was the defendant, Walter Varner, negligent in the operation of his automobile at the time and place, in the ways, or any of the ways, set out and described in plaintiff's amended petition? The plaintiff claims the defendant was so negligent. The defendant denies that he was negligent in any respect.

"Now, the three ways I will call your attention to again.

"Was the defendant negligent in driving and operating said Studebaker Sedan at a speed greater than was reasonable and proper, having due regard for the traffic, surface, width and condition of said highway then existing?

"Was the defendant negligent in driving and operating said Studebaker Sedan upon said highway at said time and place at a greater speed than would permit him to bring said automobile to a stop within the assured clear distance ahead?

"Was the defendant guilty of negligence in passing on the left side of said highway and passing said automobile driven by Herbert Eppley on the left side?

"These three allegations of negligence are the only ones that you are permitted to consider in this case against the defendant. In other words, your consideration is confined to the negligence charged in the amended petition.

"If you come to the conclusion that the defendant was negligent in the respects charged in the amended petition, or any of them, then the next issue for you to determine and decide is whether or not such negligence was the proximate and direct cause of the injury and death of Herbert Eppley. If you so find for the plaintiff on both of these propositions, then the next issue for you to decide is what amount of damages should the plaintiff recover from the defendant in this action."

It is to be noted that the court below did not stop with the reading of the pleadings, but separated and distinctly called the jury's attention to the three issues which charge negligence on the part of the defendant, and we note from a reading of the whole charge in the instant case that the court below covered every issue that was raised so far as the court was warranted in going in charging the jury.

The amended petition was founded upon three acts of negligence:

1. The unlawful rate of speed.

2. Operating a car at a greater rate of speed than would permit the operator to bring said car to stop within the assured clear distance ahead.

3. Charging the defendant with passing on the left side of the highway.

The court below in the special charges given, which were given at the request of plaintiff in error, charged as to sole negligence and also as to contributory negligence.

The issue in this case as made by the pleadings was one purely of whole or sole negligence. The record discloses that the testimony in the case, as submitted to the jury, was upon that issue of whole or sole negligence. The matter or question of contributory negligence in the instant case was not made by the pleadings or the evidence, but was injected into the trial of the case in the court below by the defendant below in offering and insisting upon special requests Nos. 1, 2, 3 and 12, being given to the jury before argument.

We are of the opinion that had these requests—keeping in mind the issue as made by the pleadings and the testimony as produced in the record—been refused by the court below, that it would not have been error in the instant case. However, after these special requests were given, it became the duty of the court in its general charge to say something further upon the matter of contributory negligence. Had he not done so, it would have been error. If the verdict in this case had been in favor of the defendant, with special instructions given before argument, such error would have intervened as would have necessitated a reversal of the case. The court below having given the special instructions, it became necessary to say something about contributory negligence, but we do not deem that it was necessary to specifically apply the matter of contributory negligence in the instant case, for the reason that it was not in the case, either by the pleadings or the evidence.

We note from the record, on page 169, after the court below had generally and fully charged the jury, he inquired of counsel if there was anything further, and counsel for both plaintiff and defendant answered by saying, "Nothing". The matter complained of by counsel for plaintiff in error, in that the court did not specifically charge on the matter of contributory negligence—admitting for the moment that it might have been proper—would not have been error, for the reason that only a general exception was taken to the charge.

In the Cin'ti Auto Body Co v Auto Products Co, 21 Oh Ap 251, it was held that, "Failure of court in charging the jury to cover all questions in a case is not ground for reversal, unless such omission is called to the attention of the court, and the request is made for charges on subjects omitted, which request is refused, and jury are not misled by the charge as given by the court."

So that in the instant case we find that the court did not stop after giving the special instructions upon contributory negligence, but went on and charged the jury further as to contributory negligence: In other words, taking the court's charge in the general charge on contributory negligence, and then by reading special instructions 1, 2, 3 and 12, with it, we find a complete charge on contributory negligence.

We note that the Supreme Court, in the case of Lima Used Car Exchange Company v Hemperly, 120 Oh St 400, held that, "The special instructions and general charge should be construed together."

So that we find that there is no prejudicial error in this case in the charge of the court below or his omission to charge, and that, from an examination of the special requests given and the general charge, we do not believe that the jury in the instant case was misled. It therefore follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ and MONTGOMERY, J, concur.